**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10090 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-02086-DCB-BPV-2 |
| v. | |
| SERGIO GUALBERTO ALTAMIRANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, Senior District Judge, Presiding

Submitted May 12, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Sergio Gualberto Altamirano seeks a new trial or a remand for resentencing,

following his conviction for one count of Conspiracy to Transport and Harbor

Illegal Aliens for Profit, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1324(a)(1)(A)(ii), 1342(a)(1)(A)(iii), and 1324(a)(1)(B)(i); and two counts of Harboring Illegal Aliens for Profit, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i). The facts of this case are known to the parties, and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

I

Altamirano first argues that the district court erred by allowing the government to introduce evidence of Altamirano's prior arrests for smuggling aliens. But Federal Rule of Evidence 404(b) allows evidence of prior bad acts to be admitted to prove knowledge. *See* Fed R. Evid. 404(b). Moreover, contrary to Altamirano's assertions, similarity between the prior bad acts and the charged crime is not required "as long as the prior act [is] one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992). Here, evidence related to Altamirano's prior arrests for alien smuggling made it more probable that Altamirano knew that the individuals he harbored were illegal aliens. The evidence was not unduly prejudicial and was therefore properly admitted. *See* Fed. R. Evid. 403. Moreover, even assuming the prosecutor's reference to the prior acts during closing argument invited an improper inference,

2

Altamirano did not object and we find no plain error.  *See United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003).

## II

Altamirano next argues that the district court erred in applying a sentencing enhancement for brandishing a dangerous weapon.  *See* U.S.S.G. § 2L1.1(b)(5)(B). We disagree.  Two individuals harbored by Altamirano testified unequivocally that he threatened and hit one of them with a "knife" or "sword."  Although this testimony differed slightly in its particulars, it was certainly sufficient to support the district court's conclusion that Altamirano used "some type of . . . a sharp instrument" capable of causing serious bodily injury to intimidate one of the aliens. The fact that law enforcement never found a knife is insignificant, since Altamirano had ample time to dispose of the weapon before the search of his trailer.

**AFFIRMED.**